**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 16, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KIMBERLEY GAYLE PERIGO,

Petitioner-Appellant,

v.

MILLICENT NEWTON EMBRY,
Warden; JUSTIN JONES, Director;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

Respondents-Appellees.

No. 09-5045
(Case No. 06–CV–00069–JHP–PJC)
(N.D. Okla.)

**ORDER**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

Petitioner, a *pro se* state prisoner, seeks a certificate of appealability to

appeal the district court's denial of her § 2254 habeas petition. Petitioner was

convicted in Oklahoma state court of murdering her ex-husband, and she received

a sentence of life imprisonment. Her conviction and sentence were upheld on

direct appeal and in state, post-conviction proceedings. She then filed a federal

habeas petition that raised several claims for relief, including ineffective

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

assistance of trial and appellate counsel, several alleged evidentiary errors, prosecutorial misconduct, and cumulative error. The district court rejected all of these claims on the merits. Petitioner now seeks a certificate of appealability to appeal the dismissal of three of these claims: (1) ineffective assistance of appellate counsel; (2) ineffective assistance of trial counsel; and (3) prosecutorial misconduct.

In her arguments to this court, Petitioner bases her two ineffective assistance claims mainly on the argument that an expert should have been called to testify about battered woman syndrome. She also argues that her trial attorney should have introduced additional evidence and made a better closing argument. After thoroughly reviewing the record on appeal, Petitioner's filings in this court, and the district court's order, we agree with the district court that Petitioner has not shown that trial or appellate counsel's performance was deficient under *Strickland v. Washington*, 466 U.S. 668 (1984), particularly in light of the Oklahoma Court of Criminal Appeals' conclusion that Petitioner was convicted based upon her own statements and their inconsistencies with the evidence, as well as undisputed evidence in the record that would likely have undermined a potential battered-woman defense.

Petitioner's claim of prosecutorial misconduct is based on a statement made by the prosecutor during closing arguments about her ex-husband's potential possession of a gun. Petitioner argues that the prosecutor improperly implied that

her ex-husband never had a gun at any time, even though the evidence at trial was simply that he had not been seen with a gun on the day he was murdered. The Oklahoma Court of Criminal Appeals rejected this same argument, concluding that the prosecutor asserted only that no one had seen a gun in the ex-husband's residence or in his possession prior to his death, not that he had never possessed a gun. Even assuming that this decision was wrong and that the prosecutor's statement amounted to prosecutorial misconduct, we are persuaded that the contested statement did not "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process," *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974), and we therefore conclude that federal habeas relief is not warranted.

For the foregoing reasons, and for substantially the same reasons stated by the district court, we conclude that reasonable jurists would not debate the dismissal of Petitioner's claims. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We therefore **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge

-3-